OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the plaintiff for summary judgment is denied and the cross motion of the defendant for an order declaring that 8 NYCRR 135.4 (c) (7) (ii) (b) (2) does not violate the Due *932 Process and Equal Protection Clauses of the Federal and State Constitutions and is not in contravention of section 301 of the Education Law is granted.
Charlotte Bradstreet is a 14 year old residing in Steuben County, New York. She and her parents elected that she not attend public schools. She is home-schooled and completed the eighth grade in June of 1994. The defendant has a regulation providing that only students in regular attendance at school can participate in interscholastic sports. Charlotte wants to participate in interscholastic sports as a member of the teams of the Avoca Central School District. Plaintiff contends that the regulation should be annulled because: it violates the Equal Protection Clauses of the Federal and State Constitutions; it violates the Due Process Clauses of the Federal and State Constitutions; and, it conflicts with section 301 of the Education Law. Both sides seek summary judgment.
In order for there to be a violation of due process a person must be deprived of a property or liberty interest (People v Leonard, 62 NY2d 404). Plaintiff does not advance a claim of a liberty interest, and the inquiry evolves to whether a nonstudent has a property interest in participating in interscholastic sports. A "student’s interest in participating in interscholastic sports is a mere expectation”, not a property right subject to due process protection (Matter of Caso v New York State Pub. High School Athletic Assn., 78 AD2d 41, 46).
Turning to the equal protection cause of action, absent a suspect classification or fundamental right claim, neither of which is advanced here, a regulation will withstand an equal protection challenge if it bears some rational relationship to a legitimate State purpose (Schneider v Ambach, 135 AD2d 284, 288). The Commissioner contends that his regulation furthers legitimate State objectives, including:
"requiring a youngster to be a member of the student body of the school and meet the obligations and requirements inherent in being a student of a public school;
"promoting loyalty and school spirit that leads to cohesion of the student body of a school;
"securing role models for other students, which cannot be accomplished if the student athlete has little contact with the general student population of the school;
"maintaining academic standards for participation in inter-school sports activities;
"interschool athletics may be accepted by a public school for *933 credit in fulfillment of the physical education requirement for graduation and therefore because of the quasi-curricular nature of interschool athletics there may be no statutory authority of the Education Department to extend eligibility for interschool athletics to students who are not enrolled in a public school; and
"havoc may be wreaked upon the public school system if home schoolers are permitted to opt out of the public school program generally and yet selectively participate in inter-school athletics and then extend that ability to select courses of instruction as well”. (Defendant’s memorandum of law, at 5, 6.)
In the court’s view, the defendant has established that his policy of allowing only attending students to play sports for the school furthers legitimate education interests of the State. The possibility of being on a high school sports team is one of the privileges of attending school. The court can discern no good reason why this privilege should be extended to persons who do not attend the school. Finally, plaintiff has not established any conflict between the regulation and section 301 of the Education Law.